William YOUNG, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 379S59.

Supreme Court of Indiana.

Oct. 16, 1979.

Robert B. Coughlin, Smith & Funk, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Gregory Alan Clark, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, William Young, was convicted by a jury of confinement, a Class D felony, Ind.Code § 35–42–3–3 (Burns 1979), rape, a Class A felony, Ind.Code § 35–42–4–1 (Burns 1979), criminal deviate conduct, a Class A felony, Ind.Code § 35–42–4–2 (Burns 1979), and theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1979). He was given concurrent sentences of four, forty, fifteen, and four years respectively. His direct appeal now raises the following issues:

1. Whether the pre-indictment lineup identification procedure was impermissibly suggestive:

2. Whether the in-court identification was erroneously admitted since allegedly there was not a sufficient independent basis for this identification; and

3. Whether the trial court abused its discretion by permitting the in-court identification in spite of the fact that the prosecutor failed to honor a reciprocal discovery order of the court.

A summary of the facts from the record most favorable to the state reveals that the following events took place early in the morning on May 31, 1978. The victim, a high school sophomore, left her home before 7:00 a. m. that morning to catch her school bus. While she was waiting at the bus stop, she was approached and grabbed from behind by the defendant. She felt something hard stuck into her back and started crying. The defendant told her to be quiet and not to move or he would kill her.

Then he pulled her back away from the street into an alcove-like room connected to a nearby house. The victim testified that she was crying and the defendant kept repeating to her, "Shut up or I will kill you." As she was pushed into the room and down some stairs, she was able to clearly see the defendant's face, since it was light outside and there was a window in the room. The defendant told her to close her eyes but she testified she couldn't keep them closed. The defendant pushed her down and forced her to commit oral sex, then he raped her. Finally, the defendant took a dollar out of her pocket and left.

The victim dressed, ran home, and told her story to her mother. She described her attacker as a short, stocky, black male with a moustache and beard, dressed in bluejeans and a bluejean jacket. She gave the same description to the police. Her mother took her to a hospital where she was treated and it was confirmed that she had been raped.

The victim went to the police station later that day to look at pictures but could not make any identification at that time. The next day, one day after the incident, the police called her, told her they had a suspect, and asked her to come to the police station to view a lineup. There were five black, male individuals in the lineup, of different heights, with one other individual being about the same height as defendant. The victim immediately picked out the defendant as being her attacker.

Before the trial, defendant filed a Motion to Suppress the Lineup and In-court identification. There was a hearing on this motion and it was denied. However, at trial, the victim identified the defendant as her attacker without any reference to a pretrial lineup.

I.

The defendant contends that the pre-indictment lineup identification was impermissibly suggestive because the record does not show that he had counsel present at that time, there were marked differences in the physical characteristics of the other individuals in the lineup, and the victim was told in advance that a suspect was in the lineup.

■ There is no merit to defendant's first assignment of error since this Court has clearly held that the right to counsel does not attach until the judicial adversary proceedings are begun either by the filing of an affidavit or by indictment. *Edwards v. State,* (1976) 265 Ind. 239, 352 N.E.2d 730; *Winston v. State,* (1975) 263 Ind. 8, 323 N.E.2d 228. *See also: Kirby v. Illinois,* (1972) 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411. Since the affidavit was not filed against the defendant until the day after the lineup, the defendant's right to counsel had not yet attached.

■ The defendant also alleges that there were marked differences in height and skin tone between himself and the other individuals in the lineup. We find no merit to this contention since the victim testified that at least one other individual in the lineup was the same height as the defendant and the pictures in the record show that all the individuals in the lineup were black males with no great disparity in skin coloring.

■ The defendant has also challenged the lineup proceedings on general due process grounds. He alleges that any lineup procedure is impermissibly suggestive where the police specifically tell the witness that the suspect is in the lineup. It is true that both the United States Supreme Court and this Court have held that identification procedures which are so suggestive as to give rise to a substantial likelihood of misidentification violate a defendant's due process rights. *Simmons v. United States,* (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Sawyer v. State,* (1973) 260 Ind. 597, 298 N.E.2d 440. We have found that identification procedures are inappropriately suggestive if police inform witnesses that arrested suspects are among those included in a photographic display, *Maclin v. State,* (1979) Ind., 394 N.E.2d 163; *Sawyer v. State, supra,* or a lineup, *Whitt v. State,* (1977) 266 Ind. 211, 361 N.E.2d 913.

■ The victim in the instant case testified that the police told her they had a suspect in the lineup before she went to the police station to view the lineup. Although this procedure was improper, it does not necessarily lead to a substantial likelihood of irreparable misidentification at the trial which would violate the defendant's due process rights. There was no mention of the pretrial lineup at the trial, and, as we will discuss further in the next issue, the record contains ample facts to establish the independent basis for the victim's in-court identification. There was no violation of defendant's due process rights here.

## II.

■ This Court has adopted the "independent basis" test when dealing with an in-court identification which is potentially tainted by a suggestive pretrial procedure. Regardless of any suggestiveness involved in the pretrial lineup, the trial court is correct in refusing to suppress the in-court identification testimony of the victim if the court can properly find that such testimony is supported by a basis independent from the pretrial procedure considering the objective circumstances of each case. *Poindexter v. State,* (1978) Ind., 374 N.E.2d 509; *Cooper v. State,* (1977) 265 Ind. 700, 359 N.E.2d 532; *Carmon v. State,* (1976) 265 Ind. 1, 349 N.E.2d 167. These circumstances consist of the witness's actual opportunity to observe the accused and such facts as would indicate whether or not the witness could have identified the suspect without the influence of the suggestive procedure. *Cooper, supra.*

■ In the instant case, the victim had ample opportunity to observe her attacker, there was sufficient light in the room, the attack lasted about fifteen minutes, the attacker's face was not masked or hidden, he was in close proximity to her, and her descriptions to her mother and the police were clear and not hesitant. Under these circumstances, we find there was no error in admitting the in-court identification.

## III.

The defendant finally contends that the trial court erred in admitting the in-court identification in light of the fact that the defendant had never received the names and photographs of the other participants in the pretrial lineup. Several months before trial the court entered a mutual reciprocal order of discovery. However, the names and photographs of the other participants in the lineup were never given to the defendant. The defendant now claims that his ability to cross-examine the victim as to her independent basis for her in-court identification was prejudicially restricted since he could not determine the scope of the taint of the pretrial lineup without the names or photographs of the other participants.

■ We do not have to consider the merits of this argument. The defendant has not properly preserved this issue for appeal since there was no objection or request for continuance at the time of the in-trial identification, and this issue was not specifically raised in his motion to correct errors. *Faught v. State,* (1979) Ind., 390 N.E.2d 1011; *Guardiola v. State,* (1978) Ind., 375 N.E.2d 1105. Nevertheless, we cannot see how there was any prejudicial error here since there was an independent basis for the in-trial identification and the pretrial lineup was not mentioned at trial.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.