Curtis **WILLIS**, Appellant (Defendant Below)

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 3–180 A 3.

Court of Appeals of Indiana, Third District.

Oct. 29, 1980.

John J. Halcarz, Jr., Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Curtis Willis appeals his conviction of robbery for which he was sentenced to five years imprisonment. The following issues are raised for review in this appeal:

(1) whether the trial court erred in not excluding certain evidence due to the failure of the State to file a timely answer to defendant's notice of intention to offer evidence of alibi;

(2) whether the trial court erred in denying defendant's motion to suppress the identification testimony of Louvene Adams; and

(3) whether the trial court erred in denying defendant's motion to suppress the in–court identification of defendant by Bonita Pindiak.

The evidence most favorable to the State reveals that on March 11, 1979 Bonita Pindiak was robbed of her purse by Willis as she exited from the passenger side of a car and walked toward her residence. At approximately the same time the driver of the car, Rose Dobrinich, was being threatened with a shotgun by another man. Dobrinich was told to exit her car and leave her purse, which she did. Dobrinich's assailant got into her car and drove away with Willis following in the car in which the two men arrived. Willis and a companion were arrested the next day while riding in Dobrinich's car. Pindiak and Dobrinich were asked to view a lineup. Dobrinich identified her assailant and Pindiak identified Willis.

Willis filed a motion to suppress both evidence of the lineup and any in–court identification of Willis by Pindiak. The trial court granted the motion only with respect to the lineup. Willis also moved to suppress any evidence contrary to what was stated in his notice of alibi, based on the State's delay in answering the notice until the day of the trial. This motion was denied.

Willis first contends that because the State failed to timely file an answer to his notice of alibi, all evidence showing that the defendant was any place other than that mentioned in the notice of alibi should be excluded.

IC 1971, 35 5 1 1 (Burns 1979 Repl.) provides:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten (10) days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or information as the time of such offense. The provisions of this chapter shall not apply in case the court sets the trial for a date less than fourteen (14) days ahead."

IC 1971, 35–5–1–2 allows a defendant to expressly require the prosecuting attorney to file and serve upon defendant, or his counsel a specific statement in regard to the exact date when, and the exact place where, the defendant was alleged to have committed the crime. If such a statement is expressly required by the defendant, the statute provides that the prosecutor shall file and serve the statement upon the defendant or upon his counsel not later than eight days before trial. The remedy for the prosecutor's failure to serve the statement is provided for in IC 1971, 35–5–1–3:

"... At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice...."

On June 25, 1979 Willis timely filed his notice of alibi which expressly required the statement from the prosecuting attorney. The State did not file the statement until July 26, 1979, the same day the cause went to trial. Willis moved the court to suppress any evidence which the State would try to present which would show that the defendant was any place other than what is mentioned in the notice of alibi. The trial court denied the motion.

In his brief Willis cites many cases in which a defendant was not allowed to present any evidence of his alibi after failing to file a notice or after filing a defective notice. These cases, however, do not address the issue here present of filing a proper notice or statement albeit untimely.

IC 1971, 35–5–1–3 provides:

"In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribed herein or the defendant's second notice as pre-scribed herein, or in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in its discretion extend the time for filing the same...."

The Indiana Supreme Court has held that such an extension of time is proper although a request by the State for the extension comes within eight days prior to the trial. In such a case the proper remedy for the defendant is not exclusion of the evidence, but rather a continuance. *Reed v. State* (1963), 243 Ind. 544, 188 N.E.2d 533.

In a case similar to the case at bar, *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745, the defendant contended that his right to a fair trial was violated by the State's delay in the filing and service of answers to defendant's alibi notice and by amendment of the State's witness list on the day of the trial. The Indiana Supreme Court there held that "[w]hile appellant's objections at trial were well grounded, the appropriate remedy was a continuance." *Id.*, 333 N.E.2d at 751.

In the pretrial suppression hearing Willis's attorney was asked by the court if he desired a continuance. This offer was declined. Furthermore, Willis's attorney admitted that his client was not prejudiced by the delay in filing an answer inasmuch as he knew the specific time and place of the alleged crime through the deposition of Pindiak along with the probable cause affidavit. In light of these admissions and the refusal of the offered continuance, any alleged error has been waived by Willis.

The next argument advanced by Willis challenges the admissibility of testimony given by the State's rebuttal witness, Louvene Adams. Willis contends that the testimony should have been excluded as an "evidentiary harpoon" in that it placed before the jury improper evidence of an unrelated crime.

During defendant's case-in-chief Willis testified that he had met a friend at a bar late on Sunday, March 11, 1979, and had agreed to accompany him to his home in

Michigan City. According to Willis, the friend's car broke down the next day while he was driving Willis back to his home in Miller, Indiana. Willis then hitchhiked to Gary. Willis testified that, upon arriving in Gary, he ran into another old friend, Eddie Lewis. The two men apparently walked along together until they saw Dobrinich's car idling unattended in a supermarket parking lot. Willis told the jury that since he was tired and still had quite a distance to travel before reaching his home, he and Lewis "jumped in the car ... and took off." Willis and Lewis were arrested shortly thereafter while inside the car.

The State called Louvene Adams to rebut Willis's testimony. Adams testified that she had seen Willis driving a silver Ford Granada, license number 45 T 344 (Dobrinich's car) at approximately 10:00 A.M. on March 12, 1979 in Merrillville. On cross-examination Adams admitted that she had not seen Willis prior to March 12, 1979, but she testified that she had seen him between March 13, 1979 and the day of the trial. Adams further testified that she looked at Willis for approximately five minutes on March 12. On surrebuttal Willis denied he had been in Merrillville the morning of March 12.

■ The general rule of law is that evidence showing the commission of other unrelated crimes is inadmissible to prove the guilt of the accused. *Feyerchak v. State* (1978), Ind., 383 N.E.2d 1023. Willis does not allege that there was any direct evidence of an unrelated crime introduced at trial. He contends, however, that Adams' testimony may have led the jury to the "logical conclusion" that he had robbed Pindiak.

■ Willis's contention that Adams' testimony could lead the jury to such a conclusion is erroneous. What may be a logical conclusion to Willis with his knowledge of all the facts is not necessarily a logical conclusion to a jury presented with the limited testimony of Adams.

Even if such an inference could reasonably be drawn from the testimony, Willis fails to cite any cases which find such testimony inadmissible. Contrary to Willis's position are Indiana Supreme Court cases which indicate that testimony more likely to raise an inference of unrelated crimes than Adams' testimony was not inadmissible absent direct evidence of the crime. *See: Williams v. State* (1978), Ind., 373 N.E.2d 142; *Morris v. State* (1976), 265 Ind. 212, 352 N.E.2d 705; *Buchanan v. State* (1975), 263 Ind. 360, 332 N.E.2d 213.

Willis argues finally that the in-court identification of Willis by Pindiak was improper due to the taint of an improper pretrial lineup. The trial court granted Willis's motion to suppress evidence of the pretrial lineup because the procedures were unduly suggestive. This ruling was apparently based on the fact that Pindiak had been told that the stolen car had been recovered and the two people apprehended in the car were in the lineup. The motion to suppress the in-court identification was denied, however.

In *Young v. State* (1979), Ind., 395 N.E.2d 772, the Supreme Court of Indiana ruled that although a lineup procedure was improper because the police had informed the victim that the suspect was in the lineup, an in-court identification was not necessarily improper. An in-court identification is proper unless the lineup leads to a substantial likelihood of irreparable misidentification at the trial.

The court in *Young* stated that a trial court is correct in refusing to suppress an in-court identification if the court can properly find that the identification is supported by a basis independent from the pretrial procedure when the objective circumstances of the case are considered. *Id.* at 775. *See also: Poindexter v. State* (1978), Ind., 374 N.E.2d 509; *Cooper v. State* (1977), 265 Ind. 700, 359 N.E.2d 532. The circumstances listed by the court include the witness's actual opportunity to observe the accused together with such facts as would indicate whether or not the witness could have identified the suspect absent the suggestive lineup procedure.

Pindiak's testimony reveals that Willis stood directly in front of her, within handshaking distance, and demanded her purse. Pindiak also testified that the entire incident lasted approximately seven minutes and that she was able to view Willis's face for approximately two minutes. There is testimony that although the incident took place in the evening, that Willis was standing in such a way that a street light was shining directly on him. Evidence also discloses that a nearby porch light was on and the headlights of Dobrinich's car were on. The evidence is clear that Pindiak had an independent basis on which to base her identification of Willis.

Willis argues that an important factor in determining the existence of an independent basis is the accuracy of a witness's prior description. *See: Neil v. Biggers* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Swope v. State* (1975), 263 Ind. 148, 325 N.E.2d 193. Looking at this factor alone, Willis contends that the discrepancies between Pindiak's description and Willis's actual appearance demonstrate that there is no independent basis for the in-court identification. The discrepancies exist between Pindiak's testimony that her assailant had a full set of white teeth when in actuality, Willis is missing some teeth due to being shot in the mouth sometime prior to the incident. Willis also has a scar on his neck whereas Pindiak testified that she did not see a scar.[1]

Pindiak described the suspect generally as a black man, approximately 6'3" tall, 200 pounds with a slim build. Willis is black and is apparently about 6'1" tall, 150 pounds, with a slim build. While it is true that some cases include the accuracy of a witness's description as a factor in determining the existence of an independent basis, where there are discrepancies in specific details beyond a general description of the suspect, such discrepancies go to the weight of the evidence and the credibility of the witness, and not to the admissibility of the evidence. When the total of the objective circumstances of this case are considered, it is clear that Pindiak had an independent basis for making the in-court identification. Therefore the court did not err in denying defendant's motion to suppress the identification.

For the reasons stated, the judgment below is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.

---

1. Although it appears that Willis showed both the court and the jury his teeth and scar, there is nothing in the record which would allow this Court to judge the seriousness of the discrepancies. It is possible that the missing teeth and the scar are positioned as not to be readily visible to someone facing Willis.