Gary Alan **HART**, Appellant
(Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

**No. 3–480A106.**

Court of Appeals of Indiana,
Third District.

Nov. 25, 1980.

Rehearing Denied Jan. 22, 1981.

James K. Whitaker, James K. Whitaker & Associates, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

When Howard Schweitzer, a volunteer fireman and railroad car inspector answered a fire alarm on October 1, 1978 at approximately 9:20 P.M. in the Griffith railroad yard, he saw his red, 1972 Ford pickup truck engulfed in flames. Before the alarm, he had left the truck about a half mile away and just north of Schererville at a house trailer. Later the same evening, he found the house trailer engulfed in flames.

Gary Alan Hart had been identified by Jimmy Jackson, a brakeman for E. J. & E. Railroad, as one of the two men in a red Corvair that he observed in the railroad yard just before the truck burst into flames. Hart failed to attend his jury trial on the charges of Theft and Criminal Mischief. In his absence the jury found him guilty of Criminal Mischief, a Class A misdemeanor.[1] He was sentenced to the Indiana Department of Correction for a period of one year.

In his appeal, Hart raises these three issues for our review:

(1) Was the photographic identification conducted in an impermissibly suggestive manner?

(2) Did the trial court err in admitting his "mug shots" into evidence?

(3) Was the judgment supported by sufficient evidence?

We affirm.

[1] IC 1971, 35-43-1-2(1).

I.

Pre-Trial Photographic Display

Hart contends that the pre-trial display was conducted in an impermissibly suggestive manner because two of the seven pictures in the line-up were of him. We disagree.

Suppression of identification evidence is necessary only where the pre-trial procedure utilized is so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. *Popplewell v. State* (1978), Ind., 381 N.E.2d 79. To determine whether a pre-trial identification procedure has been conducted in an impermissibly suggestive manner, we will look to the "totality of the circumstances." *Hill v. State* (1977), 267 Ind. 411, 370 N.E.2d 889; *Kizer v. State* (1979), Ind.App., 395 N.E.2d 841.

Jackson was shown seven pictures of white males between 17 and 25 years of age. All the men portrayed had shoulder length light blonde hair. Two of the pictures were of Gary Hart.

Sergeant Evanson explained that the two "very dissimilar" pictures of Hart were included "because of the years of difference that the photographs was taken; and Mr. Hart had changed his appearance. He still had the long hair, but he also had a beard." According to Evanson, several people had looked at the photographic display and had been unaware that two pictures of Hart had been included. Jackson, however, had no trouble in picking out both pictures.

We are unpersuaded that, in this situation, the use of two "very dissimilar" pictures of Hart was a "fatal error." The fact that, despite the dissimilarity of the photos, Jackson was able to readily select both pictures lends credence to his identification. In considering the "totality of the circumstances," we conclude that the pre-trial photographic display was not conducted in an impermissibly suggestive manner.

Jackson made his in-court identification of Hart from the pictures used in

pre–trial display. When considering an in–court identification which is potentially tainted by a suggestive pre–trial procedure, our Indiana Supreme Court has adopted the "independent basis" test. *Young v. State* (1979), Ind., 395 N.E.2d 772. To determine whether an independent basis for an in–court identification exists, a "totality of the circumstances" standard is used. *Young, supra; Eckman v. State* (1979), Ind.App., 386 N.E.2d 956. These circumstances include such facts as would indicate whether or not the witness could have identified the suspect without the influence of the pre–trial procedure and the opportunity of the witness to have observed the accused. *Young, supra.*

The record indicates that Jackson observed Hart when he "shined" his lantern in Hart's face from a distance of 40 to 45 feet under bright lights. He also saw Hart from a distance of 200 feet as he jumped out of the Corvair.

Jackson testified:

"A. Well, we had the mercury vapor overhead lights. There's one on every telephone pole plus my rail-road–lantern when he come driving by, I shined my railroad lantern in his face, and turned and looked at me.

"Q. Could you describe the build of the individual you saw driving the Corvair?

"A. The physical build was a slim build. Now, I was approximately 200 feet away or so at the time I seen him out of the car. It was just like a silhouette.

      \*     \*     \*     \*     \*     \*

"Q. Tell the Court what is the description you did give?

"A. Description I give he was approximately 5,7 5,5 in height; approxi-mately 135, 150 pounds; and had long shoulder length or almost shoulder length whitish, blonde hair."

■ We conclude that there is a suffi-cient basis for recognition, independent of the pre–trial identification, to have allowed Jackson's in–court photographic identifica-tion of Hart.

## II.

### Mug Shots

Hart next argues that the trial court erred by admitting his "mug shots" in that they were prejudicial.[2]

■ If a defendant does not take the stand or otherwise put his character in is-sue, "mug shots" are generally inadmissible when they tend to imply or prove that the defendant has a criminal record. *Shindler v. State* (1975), 166 Ind.App. 258, 335 N.E.2d 638. In *Vaughn v. State* (1939), 215 Ind. 142, 19 N.E.2d 239, 241, our Supreme Court noted that there are, however, some circumstances in which a "mug shot" may be properly admissible.[3] Such a photograph may be admissible if the State can demon-strate that the "mug shot" has some sub-stantial evidential value independent of other evidence and that it is not unduly prejudicial. *Shindler, supra; Saffold v. State* (1974), 162 Ind.App. 6, 317 N.E.2d 814. The admission of photographs is within the sound discretion of the trial court, and its decision may be reversed only upon a show-ing of an abuse of that discretion. *Rogers v. State* (1979), Ind., 383 N.E.2d 1035.

The Court in *McHenry v. State* (1980), Ind.App., 401 N.E.2d 745 (transfer denied), explored the use of "mug shots" in the absence of the defendant:

"Despite warnings by the court and his attorney's attempts to locate him,

---

**2.** The court sought to minimize the potential for prejudice by ordering the masking of vari-ous portions of the photographs. It said:

"All right. Take some tape and secure the cardboard on that. All right. Counsel for the defendant wishes to examine these exhib-its now chopped and cut up to the point where they are indistinguishable as mug shots."

**3.** The court is still required to minimize the potential prejudice by masking, cutting or cov-ering up those portions of the "mug shot" which tend to imply a criminal record.

McHenry did not appear for his trial. As a result, the court was faced with a problem. Even though the victim had positively identified McHenry, there was no way to prove, beyond a reasonable doubt, that he was the same individual as described by the victim. The court decided, in this situation that the probative value of using the photograph outweighed the prejudice to McHenry. Before making its decision, however, it was careful to determine that the date on the photograph indicated that it was taken after McHenry's arrest for this charge.

"We acknowledge the validity of McHenry's assertions that, generally, 'mug shots' are inadmissible. However, in this situation, we do not feel that the trial court abused its discretion in admitting such a photograph. McHenry chose not to appear at his trial; he fled the jurisdiction. His absence forced the court to utilize the only means available to prove, beyond a reasonable doubt, that McHenry was the same individual as described by the victim. The photograph, therefore, had substantial probative value beyond the evidence presented by the victim. We will not allow McHenry to leave the jurisdiction and then complain about this procedure, utilized by the court, in his absence. In so holding, we note that our conclusion is limited to this very unusual set of circumstances."

401 N.E.2d at 748, 749.

Hart was present in the courtroom when his case was set for trial. He was notified of the trial date and was advised, by the court, of his right to be present. He was also informed that he could waive this right by a failure to appear. Despite the court's admonitions, he chose not to appear. His trial was conducted in his absence.

At the conclusion of his trial, a warrant was issued to the authorities in Wisconsin to act as a detainer on Hart's conviction for Criminal Mischief. Hart was present at his sentencing hearing. When asked why he failed to appear at his trial, he said:

"BY MR. HART:

"A. I was having trouble with the Griffith authorities, and I just left. And I was—My probation would be revoked because of this.

"Q. You were just afraid to come to trial, so you just didn't?

"A. I was having some other, like I was having the trouble with police and left. If I was arrested and brought here on this charge, my probation would be revoked. I did not want it revoked.

"BY THE COURT:

Probation where?

"A. In the state of Wisconsin."

We agree with the Court's analysis in *McHenry, supra*, and conclude that the trial court did not abuse its discretion in the admission of the "mug shots."

### III.

### Sufficiency of Evidence

When considering questions concerning the sufficiency of evidence on appeal, this Court will only consider that evidence which is most favorable to the State, together with all the logical and reasonable inferences to be drawn therefrom. *Inman v. State* (1979), Ind., 393 N.E.2d 767. We will neither weigh the evidence nor judge the credibility of the witnesses. *Walters v. State* (1979), Ind., 394 N.E.2d 154. The verdict will not be disturbed if there is substantial evidence of probative value to support the determination of guilt beyond a reasonable doubt. *Walters, supra.*

The uncorroborated testimony of a single witness is sufficient to support a conviction. *Sheckles v. State* (1980), Ind., 400 N.E.2d 121; *Whitfield v. State* (1977), 266 Ind. 629, 366 N.E.2d 173.

There was no equivocation in Jackson's identification of Hart. He had no trouble in selecting Hart's pictures from the pre-trial photographic display and testified that he had "no doubt" or any hesitation in making this identification. We have carefully reviewed the record of the evidence, and we conclude that there is sufficient

evidence to support the judgment of the trial court.

Finding no error, we affirm the judgment of the trial court.

GARRARD, P. J., and HOFFMAN, J., concur.