**Eddie W. HENSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1283S461.**

Supreme Court of Indiana.

Sept. 7, 1984.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of inflicting bodily injury during a robbery, and was found to be an habitual criminal. The sentence imposed by the trial court was erroneous in that appellant was given thirty (30) years for inflicting injury in the course of a robbery and thirty (30) years for being an habitual criminal.

■ The status of being an habitual criminal does not establish a separate crime. It merely provides for the imposition of an enhanced penalty for the instant crime. *Williams v. State,* (1982) Ind., 431 N.E.2d 793; *Badelle v. State,* (1982) Ind., 434 N.E.2d 872.

■ The penalty imposed by the court for the conviction of inflicting injury in the course of a robbery should have been enhanced because of the habitual criminal status of the appellant. He should, therefore, have received a single enhanced sentence by the trial court.

The facts are: On the morning of March 2, 1983, the appellant and Michael Tyler forced their way into the home of Corrine Cummins in Indianapolis. Mrs. Cummins was robbed and injured.

Prior to trial the appellant sought to suppress any testimony concerning the pretrial photographic identification of him, as well as any in-trial identification. Appellant claims the pretrial identification was impermissibly suggestive and the in-trial identification was tainted by the pretrial identification. Police Detective Jerald Schemenaur obtained a description of the robbers from the victim. Later he received information that the appellant and Tyler might be involved in the robbery. He returned to Mrs. Cummins' home for the purpose of showing her a group of twelve photographs for identification purposes. Appellant's and Tyler's photographs were in the group. He testified he did not remember telling Mrs. Cummins that photographs of the suspects were included. He did not recall Mrs. Cummins asking him if he had anyone in mind as a suspect. Mrs. Cummins picked out Tyler's photograph immediately, and after studying all of the photographs for a period of time, picked out appellant's photograph. Mrs. Cummins was not told the photographs were those of the suspects until after she had picked them out from the group.

In an attempt to verify Mrs. Cummins' identification, Detective Schemenaur began looking in the neighborhood for others that might be able to identify the photographs. He located a filling station attendant, one Mike Marley, who was able to identify the two suspects as having been in his station on the morning of the robbery. Subsequently, a second attendant at the station, one Dane Strauser, also identified the photographs.

Appellant claims the procedures used in the identification process were unduly suggestive because an insufficient number of photographs were displayed, and the individuals in the photographs did not bear a sufficient likeness to appellant. He further claims the witnesses were aware that a suspect was included in the photographic display. This last contention is not supported by the evidence; in fact, the contrary appears to be true.

■ The test to determine the suggestiveness of a photographic array is whether the array was impermissibly suggestive and conducive to mistaken identification considering the totality of the circumstances. *Hilton v. State,* (1983) Ind., 454 N.E.2d 1216.

■ Appellant claims the photographs were too dissimilar by reason of differences in facial hair and hair color. An examination of the photographs shows them to be twelve pictures of white males relatively the same age and of shaggy appearance. Some are clean-shaven, some have mustaches and two have mustaches and beards, including appellant. We see nothing unusual about this type of photographic array. We hold they are not unduly suggestive. *See Head v. State,* (1982) Ind., 443 N.E.2d 44; *Harris v. State,* (1981) Ind., 427 N.E.2d 658; *Shepard v. State,* (1980) 273 Ind. 295, 404 N.E.2d 1; *Himes v. State,* (1980) 273 Ind. 416, 403 N.E.2d 1377.

■ Appellant claims it was error to show State's witness Marley only pictures of appellant and Tyler. This is not necessarily true. Even the use of one picture for identification purposes of a suspect is not *per se* impermissibly suggestive. *Bennett v. State,* (1981) Ind.App., 416 N.E.2d 1307; *Dowdell v. State,* (1978) 176 Ind.App. 84, 374 N.E.2d 540. The circumstances of the identification must be examined to determine whether or not there is impermissible suggestiveness involved.

■ In the case at bar, the officers were simply searching for persons who might have seen the suspects at a time subsequent to the identification of the suspects by the victims. The officers merely stopped at a filling station where Marley was employed, showed him the pictures of the suspects and asked him if he had seen either of these men in the vicinity recently. Marley was not a victim of a crime, had no knowledge or information of the nature of the crimes allegedly committed by the suspects. He was merely asked whether or not he had seen the two subjects in the pictures. This is in no way a line-up of pictures for the purpose of identification. This conduct on the part of the officers was entirely proper.

Appellant claims State's witness Dane Strauser's identification was tainted because he was aware the suspects' photographs were included in the photographic array. This was due to his talking with Marley, with whom he worked, and to Detective Schemenaur. For the same reasons above stated, there is absolutely nothing wrong with showing Strauser photographs and asking him whether he had ever seen any of those men before. *See Petro v. State,* (1983) Ind., 455 N.E.2d 332; *Gambill v. State,* (1982) Ind., 436 N.E.2d 301.

■ Appellant next argues the improper pretrial identification rendered the in-court identification impermissible. First, we see nothing improper about the pretrial identification. Secondly, even if we would assume for the sake of argument that the pretrial identification was impermissible, the in-court identification is still proper if the court can find that such testimony is supported by bases independent from the pretrial procedure. *Kusley v. State,* (1982) Ind., 432 N.E.2d 1337; *Young v. State,* (1979) 272 Ind. 1, 395 N.E.2d 772.

■ In the case at bar, the victim Corrine Cummins was in her home at 9:00 A.M., when appellant entered, robbed her and injured her. Appellant and Tyler were in the house from fifteen to twenty minutes. Mrs. Cummins was in a position to observe both men in full light during the entire time. There is nothing in this record to indicate that her in-court identification was based on anything other than her personal recollection of her observation of the two men during the course of the crime. The court did not err in allowing in-court identification of appellant.

As to the in-court identification by Marley and Strauser, as previously stated, they were not victims of the crimes, they were merely persons who had seen the men on previous occasions. They had every opportunity to view them in the courtroom and to make such an observation. The trial court did not err in allowing their in-court identification of appellant.

■ Appellant also argues to this Court that the witnesses should not have been allowed to identify him because of conflicts in their testimony. Inconsistencies in evidence go to the weight and credibility of

the witnesses. Conflicts in such testimony do not require suppression of the evidence. The matter of weighing and evaluating such evidence is for the jury. *Hazzard v. State*, (1980) Ind., 413 N.E.2d 895; *Grimes v. State*, (1980) Ind., 412 N.E.2d 75; *Johnson v. State*, (1977) 265 Ind. 689, 359 N.E.2d 525. We therefore hold the trial court did not err in this respect.

Appellant claims the trial court erred in allowing Lee Cummins, the son of the victim, to testify as to the reason for the absence of his mother from the trial, and the fact that her house was for sale. The witness testified that his mother was not at the trial because she had broken her arm in an incident unrelated to the robbery.

 Appellant objected on the ground that such information was irrelevant. Evidence is relevant if it is material to an issue in the case, or if it logically tends to prove or disprove some issue of fact. The trial court is accorded wide latitude in ruling on the relevancy of evidence. *See Armstrong v. State*, (1982) Ind., 429 N.E.2d 647; *Chittenden v. State*, (1982) Ind., 436 N.E.2d 86. Even if the offered evidence is only marginally relevant, it is within the sound discretion of the court to determine the admissibility of the evidence. *Marchand v. State*, (1982) Ind.App., 435 N.E.2d 284. It was entirely proper for the State, through the witness, to explain the absence of the prosecuting witness from the trial. The reason for her absence could in no way jeopardize appellant as it was shown that it had nothing to do with the instant crime.

As to the testimony that the victim was selling her house, such information was relevant to show that she had, in fact, been placed in fear by appellant and Tyler, and that that fear was continuing. Even if we would assume, for the sake of argument, that such information was not germane to the issues of the case, it was of a *de minimis* nature. Admission of evidence is harmless when the conviction is supported by other independent evidence of guilt. *Howell v. State*, (1980) Ind., 413 N.E.2d 225.

In the light of the evidence presented in this case, we hold that any possible error, by reason of the admission of the above evidence, was harmless.

This case is remanded to the trial court for correction of the sentencing as consistent with this opinion. The trial court is in all other things affirmed.

All Justices concur.