Anthony **WOODARD**, Appellant (Defendant below),

v.

**STATE** of Indiana, Appellee (Plaintiff below).

No. 683S230.

Supreme Court of Indiana.

Nov. 13, 1984.

Terry O'Maley, Public Defender, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Anthony Woodard, was convicted by a jury of attempted robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.), and was sentenced to the Indiana Department of Correction for a period of thirty years. In this direct appeal, we consider the following two consolidated issues:

1. Whether the trial court erred by overruling defendant's pretrial motion to suppress the victim's in-court identification because it was tainted by an unduly suggestive "show-up" conducted after the crime; and

2. Whether there was sufficient evidence to support the jury's verdict.

A brief summary of the facts from the record most favorable to the state shows that during the early morning of June 2, 1982, the victim, Daniel Toney, was walking along a street in Richmond, Indiana, when a red and black Chevrolet which did not have a muffler pulled up and stopped beside him. A black male, later identified as the defendant, was driving the car and a woman was also sitting in the front seat. The woman asked Toney if he had "seen Janie," and Toney said he did not know anyone named Janie. Then defendant got out of the car and came up to Toney demanding his money. When Toney refused to comply, defendant beat him with a wrench. Two men heard Toney scream for help and when they ran up, defendant returned to the waiting vehicle and fled the area. The police were called and the victim was taken to a hospital.

Two police officers drove around the neighborhood where the crime occurred and saw a vehicle which matched the description of defendant's vehicle. The officers observed that the vehicle did not have a muffler and saw a blood-covered wrench in the front seat. One officer followed a trail of blood from the vehicle to defendant's apartment. The officer was admitted into the apartment, questioned defendant, and observed cuts on his hands. Later that morning, while another police officer was driving the victim from the hospital back to his home, he noticed a red and black Chevrolet without a muffler in front of him. Since the car did not have a muffler, the officer stopped the driver for a possible vehicle violation and requested him to get out of the car. When the officer returned to the police car, Toney identified the driver as the man who had attempted to rob him earlier. About a month later, Toney picked defendant's photograph out of a photographic array and identified him as the person who had attacked him.

I.

Defendant made a pretrial motion to suppress the victim's in-court identification based upon the contention that he was subjected to an impermissibly suggestive confrontation between himself and the victim when the police officer stopped him for the possible vehicle violation. He claims that there was no independent basis for the victim's identification of him and that the impermissibly suggestive show-up tainted all subsequent identifications. The trial court held a hearing on defendant's motion before denying it.

The police officer testified that he had asked defendant to step out of his car in order to identify him and check his driver's license. He stated that it was not routine procedure to ask someone to step out of his car but that it was done "quite a lot." When the officer took defendant's driver's license and registration back to the police car, the victim spontaneously stated that that was the person who had attacked him earlier. We have consistently held that whether any particular one-on-one confrontation is unduly suggestive is dependent upon the circumstances in which it is conducted. *Lamb v. State*, (1984) Ind., 462 N.E.2d 1025; *Sims v. State*, (1980) 274 Ind. 495, 413 N.E.2d 556.

■ We have also consistently upheld pretrial identification procedures where the defendant was not aware that a witness observed him, he was not in police custody and was in a public place. *Owens v. State*, (1981) Ind., 427 N.E.2d 880; *White v. State*, (1979) 272 Ind. 307, 397 N.E.2d 949; *Zion v. State*, (1977) 266 Ind. 563, 365 N.E.2d 766. In this case, the one-on-one confrontation was very brief. The circumstances here were not unduly suggestive since the police officer was following a normal investigative procedure, there was no suggestion by the police that criminal liability had attached to the defendant at the time his

car was stopped, and defendant was not aware that the victim could observe him.

■ Furthermore, this Court has consistently used the "independent basis" test when dealing with an in-court identification which is potentially tainted by a suggestive pretrial procedure. Regardless of any possible suggestiveness involved in the confrontation here, the trial court was correct in refusing to suppress the in-court identification testimony of the victim if the court could properly find that such testimony was supported by a basis independent from the pretrial procedure. *Allen v. State*, (1982) Ind., 439 N.E.2d 615; *Kusley v. State*, (1982) Ind., 432 N.E.2d 1337. In determining the independent basis, circumstances such as the length of time the witness viewed the accused, the distance between them, lighting conditions, and the witness's capacity for observation will be evaluated. *Young v. State*, (1979) 272 Ind. 1, 395 N.E.2d 772.

In the instant case, the record shows that it was a dark night but there were several street lights on the block and one was directly across the street from where the crime occurred. Although the defendant pulled the victim's jacket over his head at one point during the attack, the victim was able to observe defendant as he got out of the car and approached him at the start of the attack and also at the end of the attack when the other two men came to his aid. Defendant was as close as one foot from the victim during the course of the attack. Under these circumstances, we find there was a sufficient independent basis for the in-court identification and the one-on-one confrontation did not result in a substantial likelihood of misidentification.

■ Contrary to defendant's assertion, there was no right to counsel at the confrontation since the right to counsel does not attach until the judicial adversary proceedings are begun either by the filing of an affidavit or by indictment. *Young v. State*, 272 Ind. at 3, 395 N.E.2d at 774. Under the circumstances of this case, there was no error in admitting the in-court iden-

tification or the testimony of the out-of-court identification.

## II.

Defendant also contends that there was insufficient evidence of his identity as the assailant to sustain his conviction. He argues that the night was dark, the victim was not wearing glasses which he was supposed to wear, and the victim could only describe his assailant in "generalities" to the police. He points out that the victim did not tell police his assailant had a moustache and that defendant did have a moustache on the night of the crime.

■ It is axiomatic that as a court of review we will neither judge the credibility of witnesses nor reweigh the evidence. Rather, we will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Howard v. State*, (1984) Ind., 459 N.E.2d 29; *Muse v. State*, (1981) Ind., 419 N.E.2d 1302.

■ In this case, the jury was fully informed about the opportunity the victim had to observe his assailant as well as the circumstances surrounding the photographic identification and the confrontation shortly after the incident. As we pointed out in Issue I, the confrontation was not unduly suggestive and there was no error in admitting evidence of this confrontation. The jury was able to judge the demeanor of the witnesses.

Furthermore, the victim's testimony was corroborated by evidence including the bloody wrench found in his car. One of the men who came to help the victim also identified defendant as the perpetrator, and defendant's girlfriend, who was in the car at the time of the crime, corroborated the victim's story. The jury was fully informed that the man who aided defendant did not have a good opportunity to view the assailant and that defendant's girlfriend was testifying in exchange for use immuni-

ty. There was ample evidence from which the jury could determine the weight to be given the corroborating testimony.

The jury was also properly informed about the circumstances of the victim's initial description of his assailant and the fact that this identification may have been enhanced by the later confrontation. In light of the standard of review incumbent upon us, defendant's arguments that the identification testimony was not credible must fail. Were it otherwise, we would impinge on the assessment of credibility and weight attached to the testimony by the jury. The victim's identification along with the other corroborating evidence was sufficient to support the verdict. *Gatewood v. State,* (1982) Ind., 430 N.E.2d 781; *Munsey v. State,* (1981) Ind., 421 N.E.2d 1115.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.