Anthony T. NEAL, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8702–CR–264.

Supreme Court of Indiana.

May 9, 1988.

Michael C. Ice, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony. Appellant received a sentence of sixteen (16) years to be served consecutively to a sentence which he was serving on probation at the time of the robbery.

The facts are: On June 4, 1985, Diane Fox and William McDaniel were working at A.J.C. Stereo in Anderson, Indiana. Two young men entered, looked around, and left the store. A few minutes later they returned and again looked around and left. When they entered a third time, one was armed with a revolver. Evidence shows that this was a man named Menifee. Menifee pointed his gun at Fox, and the man later identified as appellant followed

McDaniel to the back of the store where he attempted to pull a rifle (in some places in the transcript it is referred to as a shotgun) from his pants leg. McDaniel grabbed the barrel of the rifle; however, Menifee came to appellant's rescue and pointed his pistol in McDaniel's face and made him release his grip on the rifle barrel. They then told McDaniel to get on the floor and struck him twice with one of the guns as he went to the floor. Later it was necessary to take seven stitches in McDaniel's head to close the wounds. The robbers took the store's money, radios, McDaniel's wallet, and Fox's wallet.

Following identification of photographs of Menifee and appellant, appellant and his girl friend were arrested at his girl friend's apartment. At police headquarters, appellant was read his *Miranda* rights and made an incriminating statement concerning the robbery.

 Appellant claims the trial court erred in failing to suppress his out-of-court confession. Appellant takes the position that his confession was coerced because his girl friend was arrested with him, and the police told him his girl friend would go to jail and her four children would be turned over to the Welfare Department. Appellant claims this caused him to give an untrue confession in order to obtain the release of his girl friend. There is nothing in this record to indicate the arrest of appellant's girl friend was improper nor is there any indication of any threats concerning either the girl friend or her children. The statement by the police that if the girl friend were sent to jail the children would be taken care of by the Welfare Department was simply a factual statement concerning the situation.

Appellant also claims that Detective Burke pointed his finger in appellant's face and spit in his face. This was categorically denied by Detective Burke. Detective Burke stated that he did not spit in appellant's face, that if any saliva got on appellant's face it was simply because he was talking loudly to appellant in close proximity, and that if such a thing did occur it was unintentional.

Appellant also contends the police officers promised to help him by getting him a minimum sentence if he cooperated. Detective Burke testified that the only "inducement" was his promise to attempt to get leniency for appellant if he "came clean." Although it is improper for police officers to make promises of mitigation to induce a statement, *Fowler v. State* (1985), Ind., 483 N.E.2d 739, vague and indefinite statements by the police are not sufficient inducements to render a subsequent confession inadmissible. *Long v. State* (1981), Ind., 422 N.E.2d 284. We see nothing in this record to indicate that the trial court erred in refusing to suppress appellant's confession.

Appellant claims the trial court erred in allowing the testimony of Tyrone Grant, in that his testimony was "obtained" through appellant's confession, and thus was "fruit of the poisonous tree." In view of our ruling concerning the confession, there is no application of the doctrine of the "fruit of the poisonous tree." We would observe that it is interesting that Detective Burke testified that they knew nothing of the involvement of Grant in the robbery until appellant implicated him in his confession. It is also interesting to note that Grant willingly testified against appellant, giving the details of how they accomplished the robbery with Grant remaining at the wheel of the getaway car. There was no error in permitting the testimony of Grant.

 Appellant claims the trial court erred by allowing in-court identification based on an out-of-court photographic identification which was improper due to being unduly suggestive. There is nothing in this record to indicate any type of undue suggestiveness. The evidence is undisputed that police gave a number of pictures to Fox and McDaniel and that they each picked appellant's photograph as one of the robbers.

Appellant claims that the photographic array was impermissibly suggestive because it was not compiled from a distinct description, that the individuals depicted vary in appearance, e.g., some are bald, some have moustaches, some have beards

**914**

and so forth. This Court has previously held that there is nothing unusual about such a photographic array. *Henson v. State* (1984), Ind., 467 N.E.2d 750.

■ Appellant also claims the photographic array was suggestive because some of the pictures were covered with plastic and others were not. We see no merit whatsoever to such claim. It is true that neither of the victims gave a detailed description of their assailants; they did testify, however, that they had ample opportunity in good light to view appellant on his two previous entries into the store in addition to the time of the commission of the robbery. Moreover, aside from the photographic array viewed by the victims at the police station, there is ample evidence in the record to support a trial court finding that the in-court identification was supported by bases independent from the pretrial procedure. Thus it was proper to permit the in-court identification. *Id.*

■ Appellant contends there was not sufficient evidence on each element of the offense to sustain a finding of guilty. This allegation necessarily rests upon his allegations previously dealt with and presumes that this Court must examine the evidence without the identification of appellant, without his confession, and without the testimony of Grant. As we have previously stated, all of this evidence was properly admitted, thus there is ample evidence in this record to sustain the jury's finding of guilty.

■ Appellant claims he did not receive effective assistance of counsel at the trial level. His major claim in this regard is that counsel did not consult with him sufficiently before the trial to mount a viable defense. On two different occasions, prior to trial, appellant did complain to the trial court that his counsel was not spending enough time with him. He claims that counsel only saw him two or three times. However, in counsel's statement to the trial court, he lists six different conferences with appellant consuming a total in excess of three hours. There is no allegation of any specific evidence which was omitted or overlooked because of any neglect on the

part of trial counsel nor is there any indication in this record that counsel was not prepared to try the case. Counsel vigorously objected to the admission of the State's evidence in each phase of the case and conducted correct and vigorous cross-examination of each of the State's witnesses. There is not even a hint in this record of incompetency on the part of trial counsel. The criteria laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 have been fulfilled in this case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.