RALPH LEON FIELDS AND ARTHUR WESLEY WILSON, JR. *v.*
STATE OF INDIANA.
[No. 374S49. Filed September 26, 1975.]

*Frederick T. Work, Work & Carmouche,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Appellants, Defendants Fields and Wilson, were convicted in a joint trial by jury of robbery and kidnapping and were sentenced to concurrent terms of imprisonment for not less than ten nor more than twenty-five years. Their appeal challenges the pre-indictment lineup identifica-

tion as being impermissibly suggestive and the identification at trial as tainted by the suggestiveness of the lineup. We find that the lineup was not impermissibly suggestive under the cases that guide our determination. *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct 375, 34 L.Ed.2d 401, *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387, *Stovall* v. *Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Consequently, we do not meet the issue of taint.

On July 24, 1972, William Stout was a service station attendant at the Parker Service Station in East Gary, Indiana. At about 10:30 p.m. on that date, two automobiles were driven into the service station. He serviced one, and it left. The driver of the second automobile instructed him to fill the car's gasoline tank, which he did. When he sought to collect for the gasoline, the driver was standing outside the automobile. A lone passenger in the vehicle exhibited a sawed off shotgun and told Stout to get into the car. Stout was stunned by this command and hesitated and stared at the driver for about thirty seconds. The driver then ordered him to get into the car, and he obeyed.

Stout was in the automobile, sitting on the left side of the rear seat immediately behind the driver for approximately forty-five minutes. The passenger was in the right front seat, facing Stout and pointing the shotgun at his midsection. Stout testified that he could see the passenger for about twenty-five of the forty-five minutes during which he was restrained, and that, although his face was not fully illuminated, he could see his face in the light of on-coming vehicles and in the light of two street lights under which they were stopped for an estimated two and one-quarter minutes. Stout could not see the driver's face from his position in the rear of the vehicle.

Ultimately, Stout was let out of the automobile and was threatened by the passenger, but he ran and made his way to a telephone from which he called the police. He was robbed of $122.00 by his abductors.

The description given to the police of the robbers does not appear in the record. Apparently it was very general. It did include that both men were between thirty and forty years of age, that one had braided hair, and that the vehicle used was either a 1965 or a 1966 model Thunderbird. It will be presumed that the men were described as being black.

Four days later, Stout saw a vehicle which he recognized as resembling the one used in the robbery. He followed it briefly and then reported it to the police. A few hours later he was asked by the police to identify an automobile and a gun which the East Gary police had in their custody. He identified the automobile by reason of damage to the left rear fender and the location of the shifting lever which was on the steering column. This location appeared strange to him, although it was later disclosed that such location was a standard feature of that model of automobile. He identified the gun by reason of tape applied to its butt.

Stout returned to the East Gary Police Station on July 31st from which place he was taken to the Gary Police Station where a lineup was to be conducted, and from six black males exhibited, he there identified the appellants as his abductors.

In support of their claim of suggestiveness, the appellants have alleged several irregularities and inconsistencies. There was conflicting testimony upon some of such allegations, and the existence of those that were either acknowledged or not disputed did not, in context, render the identification impermissibly suggestive.

We disregard, as unproved, the allegations that Mr. Stout saw the defendants in the custody of the police immediately prior to the lineup, that Stout heard a reference to an exchange of clothing between the defendants and others exhibited in the lineup and that Stout viewed the appellants in their jail cells immediately following the lineup. Stout denied each of these allegations,

Militating in favor of a finding of impermissible suggestiveness, we have the following circumstances.

The defendants and the witnesses were in the same room briefly shortly prior to the lineup and a remark was made by one of the police officers concerning an exchange of clothes, but the witness denied seeing the appellants or hearing the remark.

Prior to the lineup, the witness was shown the gun and the automobile purportedly used in the robbery and did assume that the suspects would be among those exhibited. However, such an assumption by the witness, without more, has been held not to make a lineup so suggestive as to deny due process. *Coleman* v. *Alabama*, (1970) 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, *Sawyer* v. *State*, (1973) 260 Ind. 597, 298 N.E.2d 440. In *Vicory* v. *State*, (1974) 262 Ind. 376, 315 N.E.2d 715, this Court was not troubled by similar circumstances. There the prosecutrix in a rape case had been shown the automobile and the gun used in the rape as well as electrical items she had seen in the vehicle. This Court found a subsequent one-photograph display impermissibly suggestive but did not discuss the actions of the police in showing the prosecutrix the above mentioned items.

Both appellants had facial hair, but the witness had not mentioned this when he first described them to the police, and he said, at that time, that he would not recognize the two men if he saw them again. These factors are not relevant to the issue of suggestiveness but affect only the weight of the witness' testimony. Notwithstanding his preconceived opinion that he could not recognize the assailants, he stated at the lineup that he was "damn sure" of Wilson and "positive" of Fields.

The most suggestive aspect of the lineup was Wilson's hair style. He was the only one of the six men in the lineup with

braided hair, and one of the abductors had had this hair style. It is apparent that this was at least of some importance in Stout's ability to identify him. Distinctiveness of hair style, however, has been held to be not necessarily unconstitutionally suggestive. *Thompson* v. *Slayton,* (W. D. Va. 1971) 334 F.Supp. 352, *Thurman* v. *State,* (1970) 255 Ind. 102, 262 N.E.2d 635. In these cases, distinctiveness of hair style was offset by other factors, the number of witnesses or similarities among those in the lineup as to other features. In the present case, no question was raised as to such other features, neither age, height, weight, complexion, dress nor speech. Moreover, the police told Stout to take his time, and there was testimony that the warden did his best to select men similar to the two defendants. While defendants' attorney appeared to doubt this at the trial, no evidence to the contrary was offered.

We do not find that the lineup was impermissibly suggestive under the guidelines of *Stovall* v. *Denno, supra,* and *Dillard* v. *State, supra.* Moreover, subsequent to both cases, the United States Supreme Court decided *Neil* v. *Biggers, supra,* and there held that to warrant exclusion, the lineup must not only have been suggestive but that there must also have been a substantial likelihood of misidentification resulting from such suggestiveness. The court there laid down the following factors to be weighed in evaluating such likelihood: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation. Even if we were to hold that the lineup in question was impermissibly suggestive, we would, nevertheless, be unable to say that such suggestiveness resulted in a substantial likelihood of misidentification by the prosecuting witness.

We find no reversible error, and the judgment of the trial court is therefore affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 333 N.E.2d 742.