Albert J. KIZER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–179A23.

Court of Appeals of Indiana,
Third District.

Oct. 24, 1979.

---

Joseph A. Williams, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Albert J. Kizer was charged and convicted of the crime of robbery, a Class C felony.[1] He was sentenced to the Indiana Department of Corrections for a period of five years.

On appeal, Kizer raises four issues for our review:

(1) Did the trial court err in allowing into evidence the identification testimony of two witnesses for the State?

(2) Is the evidence sufficient to support the trial court's judgment?

(3) Was it error to allow the investigating officer to remain in the courtroom although a separation of witnesses had been ordered?

(4) Was Kizer's incriminating statement rendered inadmissible due to an illegal arrest and promises of leniency by police?

We affirm.

1. IC 1971, 35–42–5–1 (Burns Code Ed., 1978):
 "Robbery.—A person who knowingly or intentionally takes property from another person or from the presence of another person:

"(1) By using or threatening the use of force on any person; or
"(2) By putting any person in fear; commits robbery, a class C felony. . . ."

The following facts are relevant to our disposition of the case. On the morning of November 28, 1977, Patricia (Ryan) Northrup was robbed while in her home with her young daughter. Shortly before the robbery occurred, Kay Gastright, a neighbor of Mrs. Northrup, had talked with a man on her front porch and had later seen him in a nearby alley. On December 15, 1977, the police visited the Northrup home to show Mrs. Northrup and Ms. Gastright eight photographs of black males. The photographs generally resembled the man described by both women. Both women separately identified Kizer as the man they had seen that morning in November.

Kizer was arrested on December 15, 1977 and taken to the police station. After being advised of his rights, he stated that he understood them and signed an Advice of Rights form and a Waiver of Rights provision. Kizer then gave a statement to police which implicated him in the robbery of Mrs. Northrup.

Kizer contends that the trial court erred when it allowed Mrs. Northrup and Ms. Gastright to identify him in court after the police used an allegedly suggestive pre-trial photographic display.

■ Suppression of identification evidence is necessary only when the pre-trial procedure utilized is unnecessarily suggestive. *Whitt v. State* (1977), 266 Ind. 211, 361 N.E.2d 913. Our Supreme Court in *Popplewell v. State* (1978), Ind., 381 N.E.2d 79, 81 stated that:

"[C]onvictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

To determine whether a pre-trial identification procedure has been conducted in an impermissibly suggestive manner, we look to the "totality of the circumstances." *Hill v. State* (1977), Ind., 370 N.E.2d 889.

■ There is scant evidence in the record to indicate that the photographic display, presented to Mrs. Northrup and Ms. Gastright on December 15, was impermissibly suggestive. The women were separated and each was shown eight photographs of black males. The photographs were similar to the description of the man seen by both women. When the pictures were presented to the two women, the police merely asked them to examine the photographs. They did not indicate that Kizer was one of the men pictured, nor did they indicate that one of the pictures should be selected. We conclude that the photographic identification procedure was not impermissibly suggestive.

Even if the earlier photographic identification had been conducted in a suggestive manner, an in-court identification would have been proper if an "independent basis" could have been established. *Eckman v. State* (1979), Ind.App., 386 N.E.2d 956. The "totality of the circumstances" standard is utilized in determining whether an independent basis for an in-court identification exists. *Eckman, supra.* Factors to be evaluated include: an opportunity for the witness to have observed the perpetrator of the crime at the time of its occurrence, the lighting conditions at that time, the distance of the witness from the perpetrator, the capacity of the witness for observation, and the opportunity of the witness to observe particular characteristics of the perpetrator. *Eckman, supra.*

■ The record shows that Ms. Gastright talked with Kizer for about five minutes through a glass door on her front porch. She testified that she was able to see him clearly. Mrs. Northrup, the victim of the crime, testified that she observed Kizer from a close range under good lighting conditions. In fact, she had ample opportunity to study him closely as he had his hands on her throat while threatening to kill her. We conclude that there is sufficient basis, independent of the pre-trial identification, to allow the in-court identification of Kizer.

Kizer urges us to find that the trial court's judgment is not supported by suffi-

cient evidence to prove that Kizer was the person who committed the robbery.

When a question of the sufficiency of the evidence is raised, this Court will consider only that evidence which is most favorable to the State and the reasonable inferences drawn therefrom. If there is substantial evidence of probative value which would allow a reasonable trier of fact to find, beyond a reasonable doubt, the existence of each element of the offense, the judgment must be affirmed. *Finch v. State* (1978), Ind.App., 379 N.E.2d 990. This Court will neither determine the credibility of the witnesses nor weigh the evidence. *Sleck v. State* (1977), Ind.App., 369 N.E.2d 963.

The testimony of a single eyewitness is sufficient to support a conviction. *Eckman, supra. Whitfield v. State* (1977), Ind., 366 N.E.2d 173. The record shows that Kizer was positively identified in court as the man both women saw on the morning of the robbery. Mrs. Northrup, the sole eyewitness to the robbery, was physically threatened by Kizer during the robbery and Ms. Gastright talked with him on her front porch. Both women saw him clearly and each remained steadfast in her identification of Kizer. We find the trial court's judgment to be supported by sufficient evidence.

Kizer next contends that the trial court erred when it permitted the police officer who was assigned to the investigation to remain in the courtroom and then later testify even though a separation of the witnesses had been ordered by the court. The separation of witnesses is a matter within the discretion of the trial court and such rulings will not be disturbed unless there is a manifest abuse of said discretion. *Dudley v. State* (1970), 255 Ind. 176, 263 N.E.2d 161. The court in *Hilligoss v. State* (1970), 253 Ind. 443, 255 N.E.2d 101, 104, dismissed a similar contention when it said:

> "The court was acting well within this discretion in permitting the prosecutor to retain the investigating police officer to

aid him in the prosecution of the case. The fact that this officer was also a witness who later testified in the case does not render the trial judge's discretion abusive. . . ."

We agree with the *Hilligoss* court and conclude there was no error.

Finally, Kizer urges us to find that the trial court erred when it admitted into evidence an incriminating statement made by him to police during his interrogation. He claims that his arrest was illegal in that it was made without probable cause or an arrest warrant. In addition, he argues that he was induced by false promises of leniency and mitigation of punishment to make the statement concerning his involvement in the Northrup robbery.

In Indiana, a police officer may arrest for a felony without a warrant, if he has probable cause to believe that a felony is being or has been committed by the subject of the arrest. *Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144. The test for probable cause to make a warrantless arrest is whether, at the time of the arrest, the facts and circumstances within the knowledge of the arresting officer and of which he had reasonably trustworthy information were sufficient to warrant a prudent man of reasonable caution in believing that the arrestee had committed or was committing a criminal offense. *Roby v. State* (1977), Ind.App., 363 N.E.2d 1039. Kizer was arrested shortly after his photograph had been picked by the robbery victim, Mrs. Northrup, from a photographic identification display. Her neighbor independently selected Kizer's photograph from the same identification display. The facts and circumstances within the police officer's knowledge were sufficient to warrant a belief that Kizer had committed the robbery.

We affirm.

GARRARD, P. J., and HOFFMAN, J., concur.