David Wayne AKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–979A264.

Court of Appeals of Indiana, Third District.

April 21, 1980.

---

Charles F. Leonard, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

1. *See* IC 1971, 35–13–4–3 (Burns Code Ed.), now repealed.

2. *See* IC 1971, 35–1–89–1 (Burns Code Ed.), now repealed.

STATON, Judge.

David Wayne Aker was charged and convicted by jury of the crimes of Rape[1] and Sodomy.[2] He was sentenced to the Indiana Department of Correction for a period of not less than two nor more than twenty-one years for Rape and for not less than two nor more than fourteen years for Sodomy. The trial court ordered these sentences to be served concurrently.

On appeal, Aker raises one issue for our consideration. Was he denied a fair trial because the in-court and the out-of-court identifications were tainted by the allegedly impermissibly suggestive pre-trial identification.

We affirm.

The facts relevant to our disposition of the case indicate that the 12-year-old victim and her 15-year-old companion had left the Allen County Children's Home without permission to visit a friend. Upon arriving at the friend's house, they noticed a tan automobile parked in front of it. Deciding to visit yet another friend, the girls accepted a ride from the three occupants of the tan automobile. Instead of taking the proper route, the driver of the car turned off the main road. He drove to an abandoned barn and shut off the car's engine. There, the victim was raped by and forced to commit sodomy upon "Buck", the driver of the car. Later, in a photographic display presented by police, both girls positively identified Aker as the assailant.

On appeal, Aker argues that this photographic display was so suggestive as to deny him a fair trial. He points out that six of the seven men, pictured in the display, were without beards. His photograph, identified by both girls, was the only one of a man with a mustache and a beard.[3] He argues that this failure to include more than one photograph of a bearded individu-

3. We note that four of the seven men depicted had mustaches and varying degrees of facial hair.

al in the display was impermissibly suggestive. In addition, he claims that the prosecutor's placing of his photograph on the top of the stack before exhibiting them, for a second time, to the victim was also error. We disagree.

 Our Supreme Court in *Popplewell v. State* (1978), Ind., 381 N.E.2d 79, 81, stated:

" ' * * * that convictions based on eyewitness identification at trial following a pre-trial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Suppression of identification evidence is necessary only when the pre-trial procedure is unnecessarily suggestive. *Whitt v. State* (1977), 266 Ind. 211, 361 N.E.2d 913. We will look to the "totality of the circumstances" to determine whether a pre-trial identification procedure has been conducted in an impermissibly suggestive manner. *Hill v. State* (1977), Ind., 370 N.E.2d 889.

The most suggestive aspect of the display was the prominence of Aker's beard. While four of the men had mustaches with varying degrees of facial hair, only one had a beard. It would seem that this was of some significance in the victim's ability to identify Aker. Distinctiveness of hair style, however, has been held to be not necessarily unconstitutionally suggestive. *See Fields v. State* (1975), 263 Ind. 550, 333 N.E.2d 742; *Thurman v. State* (1970), 255 Ind. 102, 262 N.E.2d 635. In such cases, distinctiveness of hair style is only one of a number of factors to be considered in the identification procedure. *Id.*

Even if the photographic display had been conducted in a suggestive manner, an in-court identification is proper if an "independent basis" for the identification can be established. *Eckman v. State* (1979), Ind.App., 386 N.E.2d 956; *Kizer v. State* (1979), Ind.App., 395 N.E.2d 841. To determine whether an independent basis for the

in-court identification exists, a "totality of the circumstances" standard is used. *Eckman, supra.* In making such a determination, we will evaluate a number of factors: whether the witness had an opportunity to observe the perpetrator of the crime at the time of its commission, the lighting conditions at that time, the distance of the witness from the perpetrator, the capacity of the witness for observation, and the opportunity of the witness to observe particular characteristics of the perpetrator. *Eckman, supra; Kizer, supra.*

The record reveals that the victim and her companion were at the mercy of their assailants for "a couple hours." Both had ample opportunity to closely observe Aker. In the presence of the other, each girl, in turn, was raped by and forced to commit Sodomy upon Aker. We conclude that there is a sufficient basis, independent of the photographic identification, to allow the in-court identification of Aker.

Finding no error, we affirm the judgment of the trial court.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.