Albert BENNETT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–880A229.

Court of Appeals of Indiana,
Third District.

Feb. 26, 1981.

---

Kenneth L. Anderson, Dyer, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Albert Bennett was charged with the crime of Robbery and found guilty, by jury, of Criminal Conversion,[1] a class A Misdemeanor. He was sentenced to the Indiana Department of Correction for a period of six months.

On appeal, Bennett raises four issues for our consideration:

(1) Did the court err in admitting a photograph without laying a proper foundation?

(2) Was the in-court identification tainted by an impermissibly suggestive pre-trial photographic procedure?

(3) Did the trial court err in admitting the gun seized from one of the co-defendants?

(4) Was there sufficient evidence to support the judgment of the trial court?

We affirm.

1. IC 1971, 35–43–4–3 (Burns Code Ed., 1979 Repl.)

I.

Admission of Photograph

On appeal, Bennett claims that the court erred in admitting a photograph of the contents of a purse taken from a 68-year-old widow after she had gotten off a bus. He contends that the State failed to lay a proper foundation for the admission of the photograph in that it neglected to connect the proferred evidence with him. We disagree.

Evidence may be found relevant even though its ability to persuade is slight. *Smith v. Crouse-Hinds Co.* (1978), Ind.App., 373 N.E.2d 923. Any fact which legitimately tends to connect a defendant with a crime is admissible even if only a reasonable inference may be drawn from it. *Steadman v. State* (1979), Ind.App., 385 N.E.2d 1200. A photograph of a person, place or thing is generally considered to be competent evidence of anything of which it is competent or relevant for a witness to give a verbal description, if it is shown to be a true representation of that which it purports to represent. *Brown v. State* (1979), Ind.App., 390 N.E.2d 1058, 1065. Photographs are admissible as evidence of anything to which a witness might be permitted to testify. *Wollam v. State* (1978), Ind., 380 N.E.2d 82, 89. *See generally*, Case Note, *Evidence—Adoption of the "Silent Witness Theory"—Bergner v. State*, 13 Ind. L.Rev. 1025 (1980).

The photograph-at-issue is of the contents of the purse which was seized from the three youths who were arrested shortly after the purse-snatching occurred. After testifying that the photograph accurately depicted the items found in the purse, the arresting officer identified the victim's wallet by a "little funny white pen in it." A portion of the photograph which could not be positively identified was cut out before it was submitted for admission into evidence. The purse, which was admitted into evidence without objection, was connected to Bennett by the testimony of Vincent Vespo who saw the defendant carrying the purse while fleeing with the other two youths.

The victim identified her purse and testified that the contents of the purse as portrayed by the photograph belonged to her and that they were in her purse at the time of the purse-snatching.

The court is vested with broad discretion in determining the admissibility of evidence in the form of photographs. *Meeker v. Robinson* (1977), Ind.App., 370 N.E.2d 392. This determination may be reversed on appeal only upon a showing of an abuse of that discretion. *Meeker, supra.* Such may be shown by appellant's demonstration that the ruling was clearly contrary to the logic and effect of the facts and circumstances before the court. *Smith v. Crouse-Hinds, supra,* at 927. Bennett had made no such showing.

## II.

### Photographic Identification

Bennett next suggests that there was no independent basis to support the in-court identification. As such, he argues, the court erred by denying his motion to suppress the in-court identification because of the suggestiveness of the pre-trial identification procedure.

Suppression of identification evidence at trial is necessary only where the pre-trial procedure utilized was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Popplewell v. State* (1978), Ind., 381 N.E.2d 79; *Kizer v. State* (1979), Ind.App., 395 N.E.2d 841. We will look to the "totality of the circumstances" to determine whether a pre-trial identification procedure has been conducted in an impermissibly suggestive manner. *Hill v. State* (1977), 267 Ind. 411, 370 N.E.2d 889; *Kizer, supra,* at 843.

In reviewing the "totality of the circumstances," we note that Vespo was shown a photographic display approximately one week after the incident occurred. The display, containing the photographs of 14 black males who were 15 to 30 years of age, was compiled by the police on the basis of Vespo's description. The photographs in the display were laid, by a police officer, on the top of a desk in no particular order. After eliminating several of the photographs because of obvious age differences, Vespo was able to positively identify not only Bennett, but the other two young men with him as well.

Bennett attempts to argue, on appeal, that the varying lengths and styles of the men's facial hair as depicted in the photographs contributed to the suggestiveness of the pre-trial procedure. We cannot agree. Distinctiveness of hair style is only one of a number of factors to be considered in a pre-trial identification procedure. *Fields v. State* (1975), 263 Ind. 550, 333 N.E.2d 742; *Aker v. State* (1980), Ind.App., 403 N.E.2d 847.

Nearly a year after the initial photographic line-up and several days before trial, Vespo was shown another series of photographs. This display consisted of six photographs,[2] one of which was Bennett. When shown this display, Vespo was not told it contained a photograph of the defendant, but rather he was asked if any of the photographs of the youths he had seen and identified one year earlier were included. Vespo again identified Bennett and the other two young men. Despite Bennett's contentions to the contrary, even the use of one picture, for identification purposes, of a suspect is not per se impermissibly suggestive as there is no set number of photographs which must be shown to a witness in a pre-trial display. *Dowdell v. State* (1978), Ind.App., 374 N.E.2d 540; *Caywood v. State* (1974), 160 Ind.App. 346, 311 N.E.2d 845. Again, the test is one of a "totality of the circumstances."

Even if the pre-trial photographic display had been conducted in an impermissibly suggestive manner, an in-court identification is proper if an "independent basis" for the identification can be established. *Young v. State* (1979), Ind.,

---

**2.** The second display consisted of one picture of Bennett and two pictures each of the other two young men who had been arrested with Bennett. The sixth picture was one of the contents of the victim's purse.

395 N.E.2d 772. To determine whether an independent basis for an in-court identification exists, a "totality of the circumstances" standard is used. *Young, supra; Eckman v. State* (1979), Ind.App., 386 N.E.2d 956. In making such a determination, we will look to a number of factors: whether the witness had an opportunity to observe the perpetrator of the crime, the lighting conditions at that time, the distance of the witness from the perpetrator, the capacity of the witness for observation, and the opportunity of the witness to observe particular characteristics of the perpetrator. *Aker, supra; Eckman, supra.*

■ The record indicates that Vespo pursued Bennett and the other two as they fled from the scene of the crime. He chased them on foot and was, at times, very close to them. He testified that he got a good look at their faces and said, "I don't believe I will ever forget those faces." According to Vespo, even though the weather was overcast and approaching dusk, it was still light enough to have driven an automobile without using headlights. We conclude that there is a sufficient basis, independent of the pre-trial photographic identifications, to allow Vespo's in-court identification of Bennett as the one who was carrying the purse.

## III.

### Admission of Evidence

Bennett argues that the court erred in its admission of a handgun seized from one of the young men shortly after the purse-snatching. He claims that the admission of such evidence was prejudicial in that it "in no way tended to prove a material fact."

The evidence shows that, during the chase, one of Bennett's co-defendants pulled a small handgun from his jacket and fired two shots at Vespo. The second shot hit Vespo in the arm. Police called to the scene apprehended the three young men near the victim's apartment and found a handgun and the victim's purse in their possession.

■ Bennett claims that the admission of the gun was evidence relating to a crime with which he was not charged and,

as such, was not admissible. We cannot agree. While generally the evidence of one crime is not admissible to prove another, Indiana courts recognize the *res gestae* exception to this evidentiary rule. "The *res gestae* is not confined to the acts charged, but includes acts, statements, occurrences, and circumstances which are substantially contemporaneous with the main fact." *McCabe v. State* (1979), Ind., 396 N.E.2d 895, 897. Where each of the acts is part of an uninterrupted transaction, evidence of noncharged crimes may be admitted under the theory of *res gestae*. *Bond v. State* (1980), Ind., 403 N.E.2d 812. We note that there was no significant lapse in time between the purse-snatching, the flight from the scene, the pursuit by Vespo and others in the apartment complex, the firing of the gun at Vespo and the apprehension of the youths by police. The period of time from the taking of the purse to the apprehension and arrest was an uninterrupted transaction. Evidence of the gun was properly admitted under the *res gestae* theory. Such evidence was material as it was corroborative of the testimony of the chief prosecution witness. *See McPhearson v. State* (1969), 253 Ind. 254, 253 N.E.2d 226.

## IV.

### Sufficiency of Evidence

■ Finally, Bennett charges that there is insufficient evidence to support the verdict of the jury in that the State failed to prove each element of the offense. IC 1971, 35-43-4-3 (Burns Code Ed., 1979 Repl.) provides:

"A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a class A misdemeanor."

Bennett steadfastly maintains that there was no evidence presented to show that he "had ever had the victim's purse in his possession with intent to exercise unauthorized control over it."

When considering questions concerning the sufficiency of evidence on appeal, this Court will only consider that evidence which is most favorable to the State, to-

gether with all the logical and reasonable inferences to be drawn therefrom. *Inman v. State* (1979), Ind., 393 N.E.2d 767. We will neither weigh the evidence nor judge the credibility of the witnesses. *Walters v. State* (1979), Ind., 394 N.E.2d 154. The verdict will not be disturbed if there is sufficient evidence of probative value to support the determination of guilt beyond a reasonable doubt. *Walters, supra.*

The record indicates that Bennett accompanied the other youths to the scene of the crime. Bennett testified that he saw the two young men "had the lady down on the ground and Rick was trying to get her purse off of her." Bennett not only failed to oppose the commission of the crime and to return the purse, but he fled the scene with his friends. Vespo testified that, during part of the chase, he had seen Bennett carrying the purse. We conclude that there is sufficient evidence to support the judgment of the trial court.

Judgment affirmed.

HOFFMAN, P. J., and GARRARD, J., concur.