**Paul D. BUNDY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 880S358.

Supreme Court of Indiana.

Nov. 13, 1981.

Kesler & Stark, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of burglary and rape. He was sentenced to ten (10) years for the burglary and fourteen (14) years for the rape. The sentences were ordered to be served concurrently.

The record reveals the victim, R.D., was awakened in her upstairs bedroom by a man holding a knife to her throat. He forced her to have intercourse with him and performed cunnilingus. Directing her downstairs, he again forced her to submit to the same offenses. Five days later, appellant attempted to break into another house in the neighborhood. At the scene, the arresting officers noted appellant's resemblance to the composite made by R.D. This led to the instant charge against the appellant.

██ Appellant claims the trial court erred in refusing to suppress his confession given to the police. He argues the confession was the product of his intoxication and illegal law enforcement tactics. This Court will consider the circumstances surrounding the confession in determining the voluntariness of a statement. *Turner v. State,* (1980) Ind., 407 N.E.2d 235; *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

There is also statutory directive concerning the taking of a confession. *See,* I.C. 35–5–5–2, which reads in pertinent part as follows:

"... (1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or

not such defendant was without the assistance of counsel when questioned and when giving such confession."

On appeal, if the evidence is conflicting, only that evidence supporting the trial court's ruling will be considered. *Wollam v. State*, (1978) 269 Ind. 286, 380 N.E.2d 82; *Riggs v. State*, (1976) 264 Ind. 263, 342 N.E.2d 838.

In *Bean v. State*, (1975) 267 Ind. 528, 532, 371 N.E.2d 713, 715, this Court stated that it was only when an accused is so intoxicated that he is unconscious as to what he is saying that his confession will be inadmissible. Intoxication of a lesser degree goes only to the weight to be given the statement and not to its admissiblity.

In the case at bar, some witnesses stated they detected a faint odor of alcohol on appellant's breath; five witnesses testified he was not in their opinion intoxicated. At the scene of the arrest, appellant had no difficulty in walking, ascending or descending stairs without assistance while handcuffed behind his back. His speech was not slurred and he was described as being alert. We hold the record is sufficient in this case to support the finding of the court that appellant was not so intoxicated as to make his confession involuntary.

As to appellant's claim that his confession was extracted by illegal tactics on the part of the law enforcement officers, the record shows that he was advised of his rights at the time of his arrest at about 5:30 A.M.; that he was again advised of his rights before processing at the police station at about 6:30 A.M.; and was again advised of his rights including his following of a copy of the written rights form while the same was being read to him aloud by a police officer and his subsequent signing of such written form. There is ample evidence in this record from which the trial court could find that the appellant was not deprived of food, water or sleep to the extent that would render his confession inadmissible.

Detective Utz testified he believed appellant was offered coffee and was given water during the period of time. There is evidence appellant did not sleep between the time of his arrest at 5:30 A.M. and the signing of his formal statement at 1:45 P.M. the same day. During this time period, appellant had been arrested; transported to City Hall and processed; transported to the County Jail and incarcerated; returned to the City Hall for the interview, was interviewed and gave a formal statement. Detective Utz testified that at no time did appellant request the interview cease. Officer Utz testified he prepared typewritten questions from his notes taken during the interview; typed the questions, then typed appellant's verbatim responses. Appellant then signed the confession.

Appellant also claims all interrogation should have ceased when he requested the presence of counsel. However, there is no showing in this record that appellant ever requested an attorney during the period of time involved. The record in this case is adequate to support the trial court's finding that the confession of appellant was not unduly influenced by any illegal tactics by the police officers.

Appellant claims the trial court erred in denying his motion to suppress the victim's in-court identification. He argues that the pretrial identification procedure utilized by the police was so impermissibly suggestive as to taint the in-court identification. The victim's composite picture depicted a man having short black curly hair with no facial hair in his late twenties or early thirties. Ten days after the construction of the composite picture, based upon the victim's description of her attacker, and following appellant's arrest, as above described, the victim was again requested to come to the police department where she was shown a series of seven photographs.

Some of those photographs showed a subject with black curly hair above the ear, some with hair below the ears, some with moustaches and some without moustaches. Appellant also claims the pictures other than the picture of himself were of persons younger than he. The detective who chose the pictures for display to the victim stated

that he chose them for general facial features rather than length of hair, or presence or absence of facial hair due to the readily changeable nature of such features. It is appellant's position that the differences in the pictures were calculated to deliberately point the victim to the picture of the appellant.

In *Thurman v. State*, (1970) 255 Ind. 102, 262 N.E.2d 635; *Fields v. State*, (1975) 263 Ind. 550, 333 N.E.2d 742, and more recently in *Aker v. State*, (1980) Ind.App., 403 N.E.2d 847, our Courts have held that discrepancies in hair style are not necessarily unconstitutionally suggestive but only a consideration as to the legality of the identification procedure as a whole. We see nothing in the procedure described by the witnesses in this cause which would prevent the finding by the trial court that the procedure was proper.

Even if we would assume for the sake of argument that there was suggestiveness involved in the pretrial identification procedure, the in-court identification need not be suppressed if the witness has a basis for an identification independent of the pretrial procedure. In determining the independent basis circumstances such as the length of time the witness viewed the offender, the distance between them, lighting conditions and the witness's capacity for observation should be evaluated. *Young v. State*, (1979) Ind., 395 N.E.2d 772; *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193.

■ R.D. testified she plainly observed appellant in her bedroom for approximately one minute in daylight before he placed a pillowslip over her head. She further testified she could still see appellant because the cloth of the pillowslip was "see through." She also had the opportunity to view appellant after she was taken downstairs by him. She testified that on occasion appellant removed the pillowslip allowing her to see him. We hold this is sufficient evidence to support the trial court's ruling that the in-court identification was not tainted. The trial court did not err in denying appellant's Motion to Suppress.

■ Appellant claims the trial court erred in admitting testimony of the investigating officer, Piper. Officer Piper described his contact and conversation with R.D. immediately following the rape. Appellant made a continuing objection on the ground of hearsay. R.D. was available for cross-examination and was, in fact, thoroughly cross-examined by appellant after Officer Piper's testimony. This Court held in *Brown v. State*, (1979) Ind., 390 N.E.2d 1000, that appellant's right of confrontation was not denied by allowing the investigating officer to state the information he gathered from the victim before the victim testified. We hold the trial court did not err in allowing Officer Piper to describe his conversation with R.D.

■ Appellant claims the trial court erred by augmenting his sentence by four (4) years without having made specific findings in accordance with I.C. 35–50–1A–3. The statute reads in part:

"... The court shall make a record of the hearing, including:

\* \* \* \* \* \*

"(3) If the court finds aggravating circumstances, a statement of the court's reasons for selecting the sentence that it imposes."

In *Page v. State*, (1980) Ind., 410 N.E.2d 1304, 1307, we stated, quoting *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517:

"\* \* \* [W]hen a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances."

In the case at bar, the trial judge referred only to the evidence heard at trial and circumstances of the case. During the sentencing hearing he stated:

"The nature of this rape \* \* \* was of sufficient force and of sufficient propensity and intensity that I feel that four (4) years added to the standard term is warranted in this case. \* \* \* \*"

We hold this statement of the trial judge is lacking in specificity to support the augmentation of the sentence as required by I.C. 35–50–1A–3.

Therefore, we remand this cause with instructions that the trial court either enter findings, if any, to support the augmentation or reduce appellant's sentence to the basic term of ten (10) years. The trial court in all other things is affirmed.

All Justices concur.