**David LAWRENCE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 784 S 263.

Supreme Court of Indiana.

April 25, 1985.

Timothy L. Black, Griffith, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A trial by jury resulted in conviction of appellant for Theft, a Class D felony and Robbery, a Class A felony. Appellant was sentenced to fifty (50) years on the Robbery conviction and to a consecutive four (4) year sentence for Theft.

The facts are: Appellant and two juveniles drove to Highland, Indiana, in appellant's blue Ford automobile. Appellant went to a self-service gasoline station where he placed twenty dollars of fuel in the car. Appellant then drove from the station without paying for the gasoline. Appellant drove a few blocks to the parking lot of an automobile parts store. There appellant gave a handgun to each juvenile. Appellant outlined to the juveniles the layout of the service station and then instructed them to return to the station and commit a robbery.

Following appellant's actions at the station, the attendant, Michelle Carley, called the police to report the theft. She provided the police with a general description of the man and the car. A police officer arrived at the scene as the juveniles were in the last stages of the robbery. When the juveniles observed the police, they fled in the general direction of appellant's car. The officers gave chase and the juveniles took refuge in an area of overgrown weeds.

As one of the officers approached the area, one of the juveniles began to fire at the officer. An exchange of gunfire resulted in a wound to both the officer and one of the juveniles. The bullet which struck the officer entered and exited his right thigh. The bullet then entered his left thigh. The bullet deflected upward and struck his pelvis before coming to rest near the surface of his left buttocks. The officer was hospitalized for a few days and the bullet was later removed at the office of the officer's doctor.

Other officers arrested the two juveniles. One of them testified as to the events of the day including appellant's role in arming and instructing them.

Appellant contends there was a lack of sufficient probative evidence to support the Robbery conviction. The statute in effect at that time provided:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear;

commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person. As added by Acts 1977, P.L. 340, SEC. 39." Ind.Code § 35–42–5–1.

Appellant cites *Clay v. State* (1981), 275 Ind. 256, 416 N.E.2d 842 and *Hill v. State* (1981), Ind., 424 N.E.2d 999 for the proposition that when the injury is to a person other than the person robbed, the injury must be a serious bodily injury. Ind.Code § 35–41–1–2 defines serious bodily injury as:

" 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ."

Appellant argues the evidence did not support a finding that the officer suffered a serious bodily injury as defined by the statute. Appellant contends the bullet was of a small caliber and caused only a small amount of bleeding. Additionally, he notes the bullet was later removed at a doctor's office without the benefit of anesthesia.

■ The evidence in the case at bar, as above set out, was sufficient to support the conclusion of the jury that the officer suffered serious bodily injury. The officer testified he was subjected to extreme pain. The area of the body involved in the wound indicated a substantial risk of death. Thus

the injury was within the statutory definition of serious bodily injury. We hold there is sufficient evidence to support the finding of serious bodily injury.

Appellant also contends the trial court erred when it denied his Motion for a Directed Verdict on the allegation of Robbery. Based on our holding above, we find no error.

Appellant next challenges the sufficiency of the evidence as to the Theft conviction. Specifically he challenges the in-court identification by the attendant of the service station. The attendant testified the incident occurred during the day and that the area was well-lighted by the sun. She indicated she had a "pretty good" view of the appellant from a distance of twenty-five or thirty feet.

Appellant attacks the identification on two grounds. First, he argues it was inconsistent with earlier statements made by the attendant to the police. The in-court identification was more detailed than the earlier descriptions. However, no details in the prior statements were inconsistent with the in-court statement.

■■■ Appellant's argument goes to the weight and credibility of the evidence. This Court does not reweigh the evidence nor judge the credibility of the witnesses. *Lane v. State* (1981), Ind., 428 N.E.2d 28. The jury had an opportunity to hear the witness during an extensive examination and to observe her demeanor. We will not disturb the jury's conclusion. *Brock v. State* (1981), Ind., 423 N.E.2d 302; *Lane, supra.* We hold there was sufficient evidence to support the finding of the jury.

■■ Secondly, appellant attacks the in-court identification on the grounds it was tainted by an impermissibly suggestive photographic array. The attendant chose a picture of appellant from a photographic array a few days after the incident. In one of the earlier statements given by the attendant she described the driver as a black male with a beard and braided hair. The photographic array consisted of seven photographs of black males with beards. How-ever, only one photograph, the one of appellant, had braided hair. Thus he contends the array contained only one picture fitting the description provided by the witness. He contends this exposure to his picture permitted the witness to provide a detailed description at trial. In the case at bar, the witness had ample opportunity to observe appellant during the commission of the crime. The fact appellant's hair style was different than others in the photographic array did not infringe appellant's right to due process. *Thurman v. State* (1970), 255 Ind. 102, 262 N.E.2d 635; *Field v. State* (1975), 263 Ind. 550, 333 N.E.2d 742.

■■ Appellant argues the sentence was unusually harsh and constituted an abuse of judicial discretion. Pursuant to Ind. Code § 35-50-2-4 the judge enhanced the sentence from the presumptive thirty (30) years to fifty (50) years on the Robbery conviction. The court noted the following aggravating factors:

"Aggravating circumstances: the defendant has recently violated the conditions of parole granted him by the State of Illinois.

"The Defendant has a history of criminal activity as follows: 1967, Murder.

"The Defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility for the following reasons: he was unable to avoid commiting [sic] a crime in ten (10) months of freedom following imprisonment since the age of sixteen (16).

"Imposition of a reduced sentence would depreciate the seriousness of the crime in that the Defendant, used two (2) juveniles to do the robbery and shooting to avoid personal criminal responsibility."

Appellant contends the court abused its discretion as it did not explain its reasons but merely cited the guidelines set forth in the statute and drew conclusions therefrom. In particular he notes the court referred to the Illinois parole violation but did not state the terms of the parole which were violated. He also indicates one mur-

der conviction does not constitute a criminal history.

A review of the court's finding reveals no abuse of discretion. The judge fully complied with the statutory requirements to enhance the sentence. We find no error.

The trial court is in all things affirmed.

All Justices concur.