129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David LAWRENCE, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 96-3120.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997*
November 20, 1997.
Rehearing Denied Jan. 7, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:95-CV-0937-AS; Allen Sharp, Judge.
 Before POSNER, Chief Judge, BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 David Lawrence appeals the denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254, in which he challenged his robbery conviction on the grounds that his jury was improperly instructed and that he received ineffective assistance of both trial and appellate counsel. We affirm.
 
 
 2
 In January 1984, Lawrence and two juveniles robbed a gas station. While attempting to escape, one of the juveniles shot a police officer. At trial the officer testified that the bullet went through his right thigh, entered his left thigh, and struck his pelvis. The bullet came to rest in his left buttock. The trial judge instructed the jury as to the elements of the offense of robbery and then stated: "[T]he offense is a Class A felony if it results in either bodily injury or serious bodily injury to any person other than the defendant." The jury convicted Lawrence of Class A robbery, and the court sentenced him to 50 years' imprisonment. On direct appeal, Lawrence challenged his conviction on the ground, among others not relevant to this case, that the evidence did not support a finding that the police officer suffered a serious bodily injury. Lawrence v. State, 476 N.E.2d 840, 841 (Ind.1985). The Indiana Supreme Court disagreed, explaining that the officer testified that he had been in extreme pain, and that the location of the wound showed that there was a substantial risk of death. Id.
 
 
 3
 Lawrence then filed a petition for post-conviction relief raising numerous alleged errors, including that the jury was erroneously instructed, and that he received ineffective representation from both his trial and appellate lawyers. The post-conviction court found that Lawrence had waived the vast majority of his claims by failing to support them with authority or citation to the record. However, the court addressed two of Lawrence's claims on the merits: that the Class A felony and the reasonable doubt instructions were erroneous. The court agreed that the Class A felony instruction "was wrong--flat wrong." Lawrence v. State, No. 2CR-164-983-65664-983-656 at 5 (Lake County Super. Ct. Jan. 19, 1994) (unpublished order). However, the court denied relief because the issue was res judicata in light of the Indiana Supreme Court's opinion on direct appeal. Finally, the court held that the reasonable doubt instruction was not deficient.
 
 
 4
 Lawrence appealed, raising both his ineffective assistance and jury instruction claims. The state appellate court affirmed the result, but found the post-conviction court's res judicata rationale erroneous. Lawrence v. State, No. 45A05-9405-PC-187 at 7 (Ind.App.Ct. May 26, 1995) (unpublished order). The appellate court agreed that the instruction was erroneous, however, the court held that because Lawrence was not prejudiced by the error he was not entitled to relief Id. at 8-11. The court did not mention the ineffective assistance of counsel claims, but denied relief on Lawrence's claims that the reasonable doubt instruction was erroneous and that the verdict forms were defective.
 
 
 5
 Lawrence filed a federal petition for a writ of habeas corpus on December 5, 1995, claiming that the Class A felony instruction was erroneous, and that he received ineffective assistance from counsel at trial and on appeal. Specifically, Lawrence argues that, based on the instruction given, the jury could have convicted him of Class A robbery because it found that the police officer received a bodily injury instead of a serious bodily injury. Additionally, he claims that his trial counsel's performance was deficient because his attorney did not object to the faulty instruction, and that his appellate counsel's performance was deficient because he did not present this instructional error on appeal.
 
 
 6
 At the time of the offense, Indiana law categorized a robbery as a Class A felony "if [the robbery] result[ed] in either bodily injury or serious bodily injury to any other person." Ind.Code § 35-41-5-1. The Indiana Supreme Court has interpreted this somewhat ambiguous language to mean that if a robbery results in bodily injury to the robbery victim or serious bodily injury to anyone else, then the robbery is a Class A felony. See, e.g., Hill v. State, 424 N.E.2d 999 (Ind.1981). " 'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes ... extreme pain...." Ind.Code § 35-41-1-2.
 
 
 7
 "[E]rrors of state law, especially errors based on a trial court's evidentiary rulings or jury instructions, do not, in and of themselves, violate the Constitution." Neumann v. Jordan, 84 F.3d 985, 988 (7th Cir.1996). Federal habeas courts "do not grant relief ... simply because [an] instruction may have been deficient" under state law. Estelle v. McGuire, 502 U.S. 62, 72 (1991). Rather, the faulty instruction must "so infect the entire trial that the resulting conviction violates due process" before a petitioner will be entitled to relief. Id.
 
 
 8
 Here, the erroneous instruction did not so infect Lawrence's trial that his due process rights were violated. The uncontested testimony of the officer that he experienced extreme pain, the fact that he was shot, and the location of the wound establish that the robbery resulted in serious bodily injury as defined by state law. Further, the instructional error cannot be the basis of Lawrence's ineffective-assistance claims because he cannot establish prejudice resulting from either attorney's failure to challenge the instruction.
 
 
 9
 Finally, the other bases alleged by Lawrence as support for his ineffective assistance of trial and appellate counsel claims are unavailing as well. Even if these bases were not procedurally defaulted because the state post-conviction court found them waived, he does not adequately allege prejudice resulting from the myriad of errors he claims were made by his lawyers. For instance, although Lawrence alleges that his trial counsel failed to conduct an adequate pretrial investigation, he makes no allegations as to what evidence the attorney would have discovered and how the evidence would have impacted his trial; and, although he claims his appellate counsel waived several issues on appeal, he does not cite any case law or even make any argument that had counsel presented these claims on direct appeal they would have been successful.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concuded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)